AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
#### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Haricel HERNANDEZ-IZQUIERDO | ) | Case No.   11-8103-AEV |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

FILED by ____ D.C.

APR 0 1 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 29, 2011 _____ in the county of _____ Palm Beach _____ in the
_____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 3144 | Norberto CASTILLO-GAMEZ and Marino VELASQUEZ-SANTIZO conspired to transport illegal aliens, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I), and Haricel HERNANDEZ-IZQUIERDO became a material witness to said violation. It being impracticable to secure the presence of said witnesses by subpoena, the United States seeks to detain him as a material witness. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SPA Richard Abbott, U.S. Border Patrol
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 04/01/2011 _____

_____
*Judge's signature*

City and state: _____ West Palm Beach, FL _____

Hon. Ann E. Vitunac, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Richard Abbott, being duly sworn, depose and state that:

1. I have been employed as a United States Border Patrol Agent for approximately twenty two (22) years. I have been assigned to the U.S. Border Patrol Station in Riviera Beach, Florida for approximately eight (8) years. I have received specialized training regarding the investigation and enforcement of United States immigration laws. In my capacity as a Border Patrol Agent, I am charged with enforcing U.S. immigration laws both the criminal and administrative and criminal sections of the law.

2. The information contained in this affidavit is based upon my own personal knowledge and information provided to me by other law enforcement officers. This affidavit does not contain all the facts known to me regarding this investigation but only those facts necessary to establish probable cause.

3. On or about March 29, 2011, U.S. Border Patrol Senior Patrol Agent Cesar Barrientos conducted a vehicle stop on a minivan in order to perform an immigration inspection of the occupants of the vehicle. He stopped the minivan at approximately mile marker 85, in Palm Beach County, Florida.

4. After the minivan pulled over, Agent Barrientos walked up to the driver's side window and identified himself in English to the minivan's occupants. He noticed that were a total of five passengers including Haricel HERNANDEZ-IZQUIERDO. The front seat passenger was identified as Norberto CASTILLO-GAMEZ. The driver and other occupants of the minivan did not appear to understand Agent Barrientos, so then Agent Barrientos identified himself in the Spanish language. Agent Barrientos then

1

questioned all of the occupants in the Spanish language as to their citizenship and right to be in the United States. All five adult occupants admitted to being in the United States illegally. None of the adult occupants possessed any immigration documents which would allow them to be in the United States. One of the minivan's occupants was a minor child, who was identified as a United States citizen by virtue of her birth in the United States. All of the minivan's occupants were transported to the U.S. Border Patrol Station in Riviera Beach, Florida. The minor and her mother, who was also an occupant of the van, were subsequently released on their own recognizance. An inventory search conducted on the minivan revealed two GPS units.

5. Post-*Miranda*, Norberto CASTILLO-GAMEZ admitted that he was hired by a subject only known to him as "MARCELINO" to be one of the drivers of the minivan in order to transport illegal aliens. Norberto CASTILLO-GAMEZ was going to be paid a total of $500 for transporting the illegal aliens. Norberto CASTILLO-GAMEZ also admitted to knowing that the adults in the minivan were illegal aliens. Norberto CASTILLO-GAMEZ said that the person sitting in the front seat, whom he referred to as "morro" (Marino VELASQUEZ-SANTIZO), was also responsible for driving the minivan and for collecting the money from illegal aliens. Norberto CASTILLO-GAMEZ said that "morro" (Marino VELASQUEZ-SANTIZO) picked him up on Saturday (March 26, 2011) in order to drive illegal aliens from Homestead, Florida to New York City. Norberto CASTILLO-GAMEZ admitted to successfully transporting aliens from Homestead, Florida to New York along with "Marino VELASQUEZ-SANTIZO." After the aliens arrived in New York, Norberto CASTILLO-GAMEZ observed the aliens pay Marino VELASQUEZ-SANTIZO. Marino VELASQUEZ-SANTIZO was searched

incident to arrest.   Agents found approximately $1,729 on Marino VELASQUEZ-SANTIZO's person.

6.   Haricel HERNANDEZ-IZQUIERDO, who was one of the minivan's occupants, is a native and citizen of Mexico.   Haricel HERNANDEZ-IZQUIERDO is in the United States illegally and has been processed for removal proceedings.

7.   Post-*Miranda*, Haricel HERNANDEZ-IZQUIERDO indicated that he made arrangements *via* the phone with an unknown person to be transported from Maryland to Miami, Florida for $230. Haricel HERNANDEZ-IZQUIERDO then pointed at Norberto CASTILLO-GAMEZ and Marino VELASQUEZ-SANTIZO as the two drivers of the minivan who picked him up from Maryland in order to drive him and three other illegal aliens to Miami, Florida. The remaining passengers in the van did not wish to give a sworn statement to the agents, however administrative interviews were conducted.

8.   Based on the foregoing facts, your affiant submits that: (a) probable cause exists to charge Norberto CASTILLO-GAMEZ and Marino VELASQUEZ-SANTIZO with with conspiracy to transport illegal aliens, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I); and (b) the testimony of Haricel HERNANDEZ-IZQUIERDO is material in a criminal proceeding against Norberto CASTILLO-GAMEZ

and Marino VELASQUEZ-SANTIZO, that it may become impracticable to his presence

for trial via subpoena due to his alien status, and therefore he is a material witness in

accordance with Title 18, United States Code, Section 3144.

Further your affiant sayeth naught.

Richard Abbott, Senior Patrol Agent
U.S. Border Patrol

Sworn and subscribed to before
me this 1ˢᵗ day of April,2011.

Honorable Ann E. Vitunac
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.   11-8103-AEV

UNITED STATES OF AMERICA

vs.

Haricel HERNANDEZ-IZQUIERDO,

Defendant.

_____ /

## CRIMINAL COVER SHEET

1.     Did this matter originate from a matter pending in the Northern Region of the United
       States Attorney's Office prior to October 14, 2003?     _____ Yes   _X___ No

2.     Did this matter originate from a matter pending in the Central Region of the United States
       Attorney's Office prior to September 1, 2007?     _____ Yes   _x___ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: _____
WILLIAM T. ZLOCH
ASSISTANT UNITED STATES ATTORNEY
FL Bar No.  0105619
500 Australian Ave., Suite 400
West Palm Beach, FL 33401
Tel: (561) 209-1022 / Fax: (561) 659-4526